-PS-O-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

KEVIN RIVERA,

        Petitioner,

    -v-

UNITED STATES OF AMERICA,

        Respondent.

**DECISION AND ORDER**
98-CR-006A; 04-CV-0684A

---

Petitioner, Kevin Rivera, acting *pro se*, challenges his sentence pursuant to 28 U.S.C. § 2255, alleging that (1) his plea of guilty was unlawfully induced, and not voluntarily and knowingly made; (2) he was denied ineffective assistance of counsel in relation to his plea and sentence; and (3) he was denied his right to appeal when counsel failed to file a notice of appeal. (Docket No. 182).[1] By Order filed September 1, 2004, petitioner was directed to file information addressing the issue of the timeliness of the motion under 28 U.S.C. § 2255, which imposes a one-year statute of limitations on the filing of § 2255 motions. The limitations period is counted from

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by government action in violation of the Constitution or laws of the United States is removed, if the

---

[1] Docket references are to the criminal case docket, 98-CR-0006A.

> applicant was prevented from filing by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the [United States] Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA" or the "Act"), Pub.L. No. 104-132, 110 Stat. 1214, effective April 24, 1996.

On October 29, 2004, petitioner filed his response. (Docket No. 186). The Court has examined the response and finds that since petitioner has, at the least, raised an issue regarding whether the period of limitations should be equitably tolled, respondent should be directed to respond to the petition and to specifically address the timeliness issue.

It is clear that without equitable tolling the petition would be barred by § 2255's one-year period of limitations. Petitioner's judgment became final and his time expired to seek direct review of his conviction on January 20, 2003, when his time to file a notice of appeal pursuant to Fed.R.App.P. 4(b)(1)(A)(i) expired. 28 U.S.C. § 2255(1); *Minaya v. U.S.*, No. 98 CR 561(JFK), 2002 WL 519734, at *2 (S.D.N.Y., April 4, 2002); see also *Bethea v. Girdich,* 293 F.3d 577, 578-79 (2d Cir. 2002)

(petitioner's state court judgment became "final" when the 30-day period for filing a notice of appeal from his judgment of conviction expired). Petitioner did not file this § 2255 motion until August 23, 2004, one year and 216 days after his conviction became final on January 20, 2003 or, in other words, 216 days beyond the expiration of the one-year period of limitation.

Petitioner claims that the reason the instant § 2255 petition was not timely filed was because his attorney informed him that he would file a notice of appeal and even sent him a copy of a notice of appeal, dated February 5, 2003, which the Court notes would have been untimely if filed on February 5, 2003 but within the time period in which petitioner could have moved for an extension of time to file a notice of appeal,[2] and that after not hearing anything from the Court he sent a letter of inquiry to the Court.[3] Liberally construing petitioner's *pro se* claims, it is apparent that he is arguing that the statute of limitations should be equitably tolled because he was led to believe by his counsel that there was a pending appeal. The Court notes that, if there was an appeal pending as petitioner was led to believe, the one-year period of limitation would not have even started to run until the appeal process was completed. Because petitioner has at least raised a colorable issue as to why

---

[2]Fed.R.App.P. provides that "[u]pon a finding of excusable neglect or good cause, the district court may–before or after the time has expired, with or without motion and notice–extend the time to file a notice of appeal for a period not to exceed 30 days from the expiration of the time otherwise prescribed by this Rule 4(b)."

[3]Petitioner's Timeliness Response Form (Docket No. 186) indicates that he attached a copy of this letter of inquiry to the Form but said letter was not so attached.

the one-year period of limitation should be equitably tolled, see *Baldayaque v. United States*, 338 F.3d 145, 152-53 (2d Cir.2003) (attorney malfeasance if sufficiently egregious may constitute an exceptional circumstance warranting equitable tolling), the Court finds that respondent should be ordered to respond to the petition and to specifically address the timeliness issue.  Accordingly,

IT HEREBY IS ORDERED as follows:

**1.** Pursuant to Rules 4 and 5 of the Rules Governing Section 2255 Proceedings in the United States District Courts, the United States Attorney is ordered to file an **answer** to the petition with the Clerk of Court (and to also serve a copy upon petitioner) no later than **December 10, 2005**.  The answer shall respond to the allegations of the petition and shall also specifically address the timeliness issue and whether petitioner is entitled to equitable tolling of the one-year period of limitation.

Respondent is also ordered to file by the above date a **memorandum of law** with the Clerk of Court (and to also serve a copy upon petitioner) addressing each of the issues raised in the petition, including the timeliness and equitable tolling issue.

**2.** Petitioner shall have twenty (20) days upon receipt of the answer to file a written response to the answer and memorandum of law.

**3.** Within twenty (20) days of the date this order is filed with the Clerk of Court, respondent may file a motion for a more definite statement or a motion to

4

dismiss the petition, accompanied by appropriate exhibits which demonstrate that an answer to the petition is unnecessary. The timely filing of such motion shall extend the time for filing an answer for fourteen (14) days, but the failure of the Court to act upon the motion within that time shall not further extend the time for filing an answer.

4.  The Clerk of Court is directed to serve a copy of the application, together with a copy of this order, upon the United States Attorney for the Western District of New York, 138 Delaware Avenue, Buffalo, New York 14202.

5.  All docketing for this action shall be made in the related criminal action 98-CR-0006A.

**PETITIONER MUST FORWARD A COPY OF ALL FUTURE PAPERS AND CORRESPONDENCE TO THE UNITED STATES ATTORNEY.**

IT IS SO ORDERED.

_____
Honorable Richard J. Arcara
United States District Judge

Dated:   Nov. 2, 2005