UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

─────────────────────────────

KEVIN RIVERA,

                Petitioner,

         -v-

UNITED STATES OF AMERICA,

                Respondent.

**DECISION AND ORDER**
98-CR-06A

─────────────────────────────

## INTRODUCTION

Currently before the Court is a motion by petitioner Kevin Rivera to vacate, set aside, or correct his sentence, under 28 U.S.C. § 2255. For the reasons stated, the motion is denied.

## BACKGROUND

Rivera was charged with two other co-defendants with engaging in a conspiracy to possess with the intent to distribute and to distribute cocaine base. On May 24, 2002, Rivera plead guilty to Count 1 of the indictment, conspiracy to possess with the intent to distribute and to distribute cocaine base in violation of 21 U.S.C. § 846. The plea agreement described the factual basis for the plea, stating that Rivera conspired with co-defendants Ricky Rodriguez and William Pena to provide cocaine base to another individual in exchange for money. The defendant instructed Rodriguez and

Pena to bring the drugs to that person and to return with the cash.  Rodriguez and Pena were intercepted by police officers who discovered approximately 141 grams of cocaine base.  Rivera agreed that approximately 141 grams of cocaine base should be included as his relevant conduct in the offense.

The plea agreement anticipated that Rivera's base offense level (under the then-mandatory United States Sentencing Guidelines ("U.S.S.G.")) would be 32, that a two-level upward adjustment should be applied under U.S.S.G. § 3B1.1(c) and that a three-level acceptance responsibility adjustment should be applied under U.S.S.G. § 3E1.1.  The parties agreed that Rivera's adjusted offense level was 31, his criminal history category was IV, and his anticipated guidelines range was 151 to 188 months.  The parties also agreed that Rivera was subject to a 10-year mandatory minimum sentence.  Rivera agreed to cooperate and, in exchange, the government agreed to file a downward departure motion under Guideline Section 5K1.1

In paragraph 19 of the plea agreement, Rivera agree to waive his right to appeal or collaterally attack any sentence imposed that was within or below the anticipated guidelines range of 151 to 188 months.

On January 6, 2003, Rivera appeared in this Court for sentencing.  Consistent with the terms of the plea agreement, the government moved for a three-level downward departure under U.S.S.G. § 5K1.1.  The Court granted the government's motion which reduced the defendant's offense level to 28, and his guidelines range to 110 to 137.  The defendant was sentenced to 110 months' imprisonment - the lowest

end of the guidelines range and 10 months below the statutory minimum sentence.[1]
Judgment was entered on January 10, 2003. Rivera did not appeal his conviction or sentence.

On August 23, 2004, Rivera filed a motion under 28 U.S.C. § 2255 to vacate or set aside his conviction. The Court ordered Rivera to show cause as to why the petition should not be dismissed as untimely. Rivera responded alleging that he did not timely file his § 2255 petition because he believed that his attorney had filed a direct appeal. He claimed that his attorney had advised him that he had filed a direct appeal. On November 2, 2005, the Court found that, although the petition was untimely, there was at least a "colorable issue" as to whether the statute of limitations should be equitably tolled because Rivera's attorney had purportedly misled him to believe that a direct appeal was pending. The Court directed the government to respond to the petition. On December 12, 2005, the government responded arguing that the petition should be dismissed as untimely and because Rivera had waived his right to collaterally attack his sentence and conviction.

## DISCUSSION

I. **Motion is Untimely and Equitable Tolling is Unwarranted**

The Court finds that the motion must be dismissed as untimely. As noted in the Court's November 2, 2005 Order, Rivera's motion was subject to a one-year statute of

---

[1] Rivera's sentence was recently reduced to 92 months' imprisonment as a result of the crack guideline revisions. However, that fact has no bearing on the issues raised in Rivera's motion.

limitations that began to run on January 20, 2003, when his time to file a direct appeal from his conviction expired. He did not file his § 2255 motion until August 23, 2004, which is one year and 216 days after his conviction became final.

Rivera asserts that he was misled by his attorney into believing that his attorney had filed a direct appeal and seeks equitable tolling of the limitations period. Although the Antiterrorism and Effective Death Penalty Act (AEDPA), 28 U.S.C. § 2244(d)(1), does not contain an equitable tolling provision, the Second Circuit has permitted equitable tolling in "rare and exceptional circumstances." Doe v. Menefee, 391 F.3d 147, 159 (2d Cir. 2004). To qualify for such treatment, the petitioner must establish that "extraordinary circumstances prevented him from filing his petition on time," and that he "acted with reasonable diligence throughout the period he seeks to toll." Id.

Rivera has failed to set forth a sufficient basis for invoking the equitable tolling doctrine. He claims that his attorney misled him into believing that a direct appeal would be filed, and even sent Rivera a copy of that notice of appeal. The document referred to by Rivera was never signed by his attorney, nor is there any indication that it was ever filed. It appears that Rivera knew that a notice of appeal was not filed because he states in his motion that "[d]efense counsel promised to send pleadings for [Rivera] to sign which sought leave to file a late 'Notice of Appeal' however petitioner never received such papers." Even crediting Rivera's claims, by March or April of 2003, Rivera knew that his attorney had failed to timely perfect the appeal. Rivera does not explain why he failed to take any steps to file his § 2255 motion at that point. Instead, Rivera inexplicably waited another 16 to 17 months thereafter before filing his § 2255 motion. "[A] party seeking equitable tolling must have acted with reasonable diligence

4

throughout the period he seeks to toll." See Smith, 208 F.3d at 17.  Rivera has failed to show that he acted with the "reasonable diligence" required to invoke the equitable tolling doctrine.  See Sturgis v. United States, 04-CR-6140, 2008 WL 2783394 (W.D.N.Y. July 16, 2008) (denying request to apply equitable tolling based upon petitioner's claim that his attorney misled him into believing that a petition for certiorari to the United States Supreme Court was pending).

## II.     Waiver of Right to Collaterally Attack Sentence

Alternatively, Rivera's § 2255 motion must be dismissed as barred by the terms of his plea agreement.  As noted, Rivera agreed to waive his right to appeal or collaterally attack any sentence that was within or below the anticipated guidelines range of 151 to 188 months.  Rivera was sentenced to 110 months, which was well below the stipulated guidelines range and 10 months below the mandatory minimum sentence.  Thus, Rivera's sentence falls within the scope of the waiver provision.

A waiver of the right to appeal or collaterally attack a sentence is enforceable as long as the waiver was made knowingly and voluntarily. See United States v. Monzon, 359 F.3d 110, 116 (2d Cir. 2004); United States v. Salcido Contreras, 990 F.2d 51 (2d Cir. 1993).  During the plea colloquy, Rivera stated that he understood the terms and conditions of the plea agreement.  He also confirmed that he was voluntarily entering into the plea agreement and that no promises had been made to him other than what was set forth in the agreement. Tr. of Plea Proceeding, at 19-21.  The Court explained the waiver provision to Rivera, and Rivera confirmed that he understood that by

pleading guilty, he was waiving his right to appeal or collaterally attack any sentence within or below the specified guidelines range. Tr. of Plea Proceeding, at 15-16. Because the record clearly demonstrates that Rivera knowingly and voluntarily agreed to waive his right to collaterally attack his sentence, the waiver is enforceable.

Rivera argues that he should not be bound by the terms of the agreement because the government breached its promise to bring a § 5K1.1 motion for substantial cooperation. Contrary to Rivera's assertion, the government did in fact bring a 5K1.1 motion for a three-level reduction. As a result, Rivera was sentenced three levels below the applicable guidelines range and ten months below the mandatory minimum sentence. To the extent that Rivera claims he was promised a *greater reduction* for his cooperation, that claim is contradicted by the record. During the plea colloquy, the government expressly noted that the cooperation section was open-ended, and that no promise for any specific reduction had been made. Tr. of Plea Proceeding, at 17-19. Rivera agreed with that representation. Id.

Rivera asserts that his counsel was ineffective for failing to file a notice of appeal and for failing to hold the government to its promise to make a substantial assistance departure motion. The Court finds that counsel was not ineffective for failing to file a notice of appeal where the appeal lacked merit and was barred by the terms of the plea agreement. The Second Circuit has cautioned that:

> In no circumstance . . . may a defendant, who has secured the benefits of a plea agreement and knowingly and voluntarily waived the right to appeal a certain sentence, then appeal the merits of a sentence conforming to the agreement. Such a remedy would render the plea bargaining process and the resulting agreement meaningless.

Salcido-Contreras, 990 F.2d at 53. Permitting Rivera to collaterally attack the sentence

that he bargained for (and received) would do just that.

## **CONCLUSION**

Rivera's motion is denied as untimely and because Rivera knowingly and voluntarily waived his right to bring the motion.

The Court finds that petitioner has failed to make a substantial showing of the denial of a constitutional right and therefore denies his motion for a certificate of appealability.  28 U.S.C. § 2253(c)(2).

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this judgment would not be taken in good faith, and therefore denies leave to appeal *in forma pauperis*.  Further requests to proceed on appeal *in forma pauperis* must be filed with the United States Court of Appeals for the Second Circuit in accordance with the requirements of Rule 24 of the Federal Rules of Appellate Procedure.

SO ORDERED.

>s/ *Richard J. Arcara*
>HONORABLE RICHARD J. ARCARA
>CHIEF JUDGE
>UNITED STATES DISTRICT COURT

DATED: August 11, 2008